# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| BOBBY RAY JONES, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 4:18-cv-01582-LSC-HNJ |
| WARDEN PHILLIP MITCHELL, et al., | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

The magistrate judge entered a report on February 16, 2021, recommending the court dismiss Petitioner Bobby Ray Jones' petition for a writ of habeas corpus as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A). Doc. 19. On March 4, 2021, Jones filed objections to the report and recommendation. Doc. 21.

Jones reasserts his contention that he is actually innocent of murder and entitled to equitable tolling as a result. Doc. 21 at 2. He states his incarceration has hindered his ability to obtain the affidavits of two witnesses, Terry Heflin and Billy Guffey, who have actual knowledge that he did not commit the crime. *Id*. at 1-3.

To prove actual innocence to overcome the expiration of the statute of limitations, a petitioner must show that, in light of new evidence, "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup v. Delo*, 513 U.S.

1

298, 329 (1995)). Jones does not address the magistrate judge's conclusion that even if he were able to locate a witness who would submit an affidavit on his behalf, such statement would not establish that no reasonable juror would have found him guilty of murder beyond a reasonable doubt. Doc. 19 at 14.

Specifically, the magistrate judge noted that prosecution witnesses William Richard Brassell and Keith Lydell Marks testified during Jones' trial that Jones was driving the vehicle and struck the victim. Doc. 9-7 at 42, 45, 64-70; Doc. 9-8 at 57, 60, 67-71. While proposed affidavits from Heflin and Guffey may serve to impeach the testimony of Brassell and Marks, they would be insufficient to show Jones' actual innocence since Jones does no more than question the credibility of trial witnesses, which is within the realm of the jury. *See Conklin v. Schofield*, 366 F.3d 1191, 1210 (11th Cir. 2004) (finding the jury chose not to believe the defendant and the court could not revisit the jury's determination); *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) (holding "[t]his sort of latter-day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed the heart of [the witness's] account of petitioner's actions"). Consequently, Jones has not established actual innocence to overcome the statute of limitations, and his petition is untimely.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the

court hereby **ADOPTS** the report of the magistrate judge and **ACCEPTS** his recommendation. The court finds the petition is due to be dismissed with prejudice as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

This court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds Jones' claims do not satisfy either standard.

The court will enter a separate Final Judgment.

**DONE** and **ORDERED** on April 13, 2021.

_____
L. Scott Coogler
United States District Judge

160704